134 F.3d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jess D. HERNANDEZ; Timothy J. Graber; Jimmy D. Dalton;
John T. Chambers; Thomas W. Skelly; and William
A. Zastrow, Plaintiffs-Appellees, Cross-Appellants,
v.
CITY OF SANTA ANA, Defendant-Appellant, Cross-Appellee.
 Nos. 93-56624, 93-56713.
 United States Court of Appeals, Ninth Circuit.
 Jan. 21, 1998.
 
 1
 On Remand from the United States Supreme Court
 
 
 2
 Before: FERNANDEZ and TASHIMA, Circuit Judges, and MERHIGE, Senior District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 This case presents the question of whether public sector employees, who are covered by an explicit employment policy authorizing suspension without pay for a period of less than a full workweek as a disciplinary measure, are paid on a "salary basis" pursuant to 29 C.F.R. § 541.118(a) and thus not exempt from the overtime compensation requirement of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "FLSA").
 
 
 5
 Appellees, who are battalion chiefs in Appellant City of Santa Ana's (the "City") fire department, filed suit seeking back overtime pay under the FLSA. The district court ruled in favor of the Appellees. We affirmed in part and vacated in part the district court's decision in an unpublished memorandum disposition. Hernandez v. City of Santa Ana, No. 93-56624, 93-56713, 1996 WL 454519 (9th Cir. Aug. 12, 1996). We held that since the Appellees could be suspended without pay for periods of less than one week as a disciplinary measure, they did not qualify for exempt status under the FLSA and hence, were eligible for overtime compensation. Thus, we affirmed the district court's award of overtime pay for work performed by the Appellees after September 6, 1991. We also, however, vacated and remanded the judgment of the district court as to the pre-September 6, 1991 period in light of our holding in Service Employees International Union. Local 102 v. County of San Diego, 60 F.3d 1346 (9th Cir.1994), cert. denied, 116 S.Ct. 774 (1996).[1] The Supreme Court subsequently vacated our decision in a brief order and remanded the matter to us for reconsideration in light of the Court's recent decision.in Auer v. Robbins, 519 U.S. ----, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997). Upon reconsideration, we conclude that Auer does not change the outcome we reached previously, and we reaffirm our earlier decision.
 
 
 6
 Auer dealt with the issue of when under the "salary basis" test,[2] a public sector employee's pay is considered "subject to" disciplinary or other deductions and thus, not exempt from the FLSA's overtime compensation requirement. In answering this question, the Supreme Court deferred to the Secretary of Labor's interpretation given the Secretary's "broad authority to define and delimit the scope of the exemption." Auer, 117 S.Ct. at 909.
 
 
 7
 The Secretary.. interprets the salary-basis test to deny exempt status when employees are covered by a policy that permits disciplinary or other deductions in pay "as a practical matter." That standard is met, ..., if there is either an actual practice of making such deductions or an employment policy that creates a "significant likelihood" of. such deductions. The Secretary's approach ... requires a clear and particularized policy--one which "effectively communicates" that deductions will be made in specified circumstances.
 
 
 8
 Id. at 911 (emphasis added). Thus, the Supreme Court held that the petitioners in Auer, sergeants and lieutenants employed by the St. Louis Police Department, were not entitled to overtime compensation because the Police Manual upon which they relied did not " 'effectively communicate' that pay deductions [we]re an anticipated form of punishment for employees in petitioners' category." Id.
 
 
 9
 In the instant case, the City argues that pursuant to its Charter, "all permanent, civil service employees of the City (including the six Appellees), no matter what City department these employees worked in, and whether these employees were salaried or hourly, could be disciplined for less than a work week for something other than a major safety rule infraction." Appellant's Supplemental Br. at 5. The City goes on to stress that despite this explicit policy, no such disciplinary action has ever been taken against employees in Appellees' job category. The City does not, however, unequivocally state that it will not apply this disciplinary rule to the Appellees. Instead, in its supplemental briefing after remand, the City repeatedly emphasizes that the Appellees are in precisely the same position as any other City civil service employee and thus, are at the same risk of disciplinary pay reduction.
 
 
 10
 Although the City argues that its disciplinary policy does not "effectively communicate" that pay deductions are an expected form of discipline for employees in Appellees' job classification, we find that there is a "significant likelihood" that such disciplinary action may be applied to the Appellees. Unlike in Auer, it is possible to draw a clear inference that the Appellees in Hernandez are vulnerable to the application of the disciplinary policy; as admitted by the City, its Charter contains a "clear and particularized" disciplinary policy which sets out the specific circumstances in which pay deductions will be made. The fact that the policy covers all civil service employees and the fact that no such suspensions have been implemented against employees in Appellees' job category does not detract from the conclusion that there is a "significant likelihood" that the Appellees may be subject to disciplinary action.
 
 
 11
 As to the effect of Auer on SEIU, we reject Appellees' argument that the former overrules the latter. Auer dealt with an attack on a regulation as being arbitrary and capricious. Specifically, the respondents in Auer argued that the Department of Labor's decision not to reconsider the "salary basis" test in the wake of Garcia v. San Antonio Metropolitan Transit Authority, 469 U.S. 528 (1985), was arbitrary and capricious. In contrast, SEIU dealt with the complete absence of decision-making as well as the Department of Labor's own admission that what it had previously done was inappropriate. We find no indication in Auer that the Supreme Court really considered whether the "salary basis" test could not validly be applied to public sector employees prior to September 6, 1991, as held in SEIU. Auer, 117 S.Ct. at 910.
 
 
 12
 Accordingly, we hold that Auer does not affect the result we reached in the City's original appeal. The judgment of the district court is therefore AFFIRMED in PART as to the award of overtime compensation for the period beginning on September 6, 1991. That part of the judgment awarding overtime pay as to the pre-September 6, 1991 period is VACATED and REMANDED for consideration of whether the "duties" test has been met.
 
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In SEIU, we held that prior to September 6, 1991, public sector employees did not have to meet the "salary basis" test in order to fall within the exemption
 
 
 [2]
 Pursuant to 29 C.F.R. § 541.118(a), "[a]n employee will be considered to be paid 'on a salary basis'.. if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." id. (emphasis added). There is an exception to this rule, however, for "[p]enalties imposed for infractions of safety rules of major significance." 29 C.F.R. § 541.118(a)(5)